(No. 37052.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* L. T. McKEE, Plaintiff in Error.

*Opinion filed September 28, 1962.*

FRANK M. COVEY, JR., of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and M. ROBERT OSTROW, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

In 1946 the defendant, L. T. McKee, was tried by jury in the criminal court of Cook County and found guilty of the crime of murder for which he was sentenced to the penitentiary for a term of life imprisonment. After the adoption by this court of Rule 65—1, the defendant filed a petition seeking a free transcript of the proceedings at his trial and the trial court entered an order directing the official shorthand reporter to furnish the defendant with a transcript. One of the official reporters advised the defendant that it was impossible to prepare a stenographic transcript because the court reporter at the original trial, E. M. Allen, had died in 1949 and no one was able to transcribe his notes. The defendant then filed a motion again requesting the preparation of a stenographic transcript, or, in the alternative, the preparation of a satisfactory narrative transcript or a bystander's bill of exceptions. The motion requested that the judgment of conviction be vacated and a new trial granted in the event that neither a stenographic transcript or a satisfactory bystander's bill of exceptions could be provided. The court entered an order again directing the official reporter to transcribe the notes taken by Allen and providing that if it was impossible to furnish such a stenographic transcript that the State's

Attorney. should take the initiative in preparing an adequate bystander's bill of exceptions. The alternative motion for a new trial was taken under advisement. Some months later the defendant filed a supplemental motion for a new trial in which he stated that he had been advised that the official reporter was unable to transcribe Allen's notes and that the State's Attorney was unable to prepare a satisfactory bystander's bill of exceptions. In this supplemental motion the defendant requested that a new trial be granted on the ground that the State was unable to provide a stenographic transcript or a satisfactory bystander's· bill of exceptions. In the alternative, the defendant requested that the court certify a narrative transcript prepared by the defendant or to correct that transcript and certify it as corrected, and requested that if the court failed to certify or to correct and certify the defendant's narrative transcript that a new trial be granted. In support of this motion defendant filed a lengthy affidavit purporting to set out in narrative form the defendant's arrest, the events leading up to his trial and the evidence at the trial. Defendant's counsel filed an affidavit in support of this motion in which he set forth his unsuccessful efforts to secure witnesses to assist him in constructing a bystander's bill of exceptions. The State filed affidavits by Richard B. Austin and Joseph A. Pope, who were assistant State's Attorneys at the time of the defendant's conviction and were judges of the criminal court of Cook County at the time their affidavits were submitted, and also filed an affidavit of Howard Savage, the attorney who had represented the defendant at the time of his conviction. These persons all stated that they had made no record of the testimony at the defendant's trial and had no recollection of the exact nature of the testimony. The judge who had presided at the defendant's trial was deceased at the time defendant's motion. for a new trial was presented. The supplemental motion for a new trial was heard by Judge Austin, who was at that time

Chief Justice of the criminal court of Cook County, and he entered an order denying the defendant's supplemental motion for a new trial and denying his request for certification of the narrative transcript submitted by the defendant. The trial judge did not rule on that portion of the defendant's motion asking for a correction and a certification as corrected of the defendant's narrative transcript in view of the fact that no evidence had been submitted to justify any correction of that transcript. A writ of error has been issued by this court to review the judgment of the trial court denying the defendant's supplemental motion for a new trial.

On this writ of error the defendant relies upon the decisions of the United States Supreme Court in *Griffin v. Illinois,* 351 U.S. 12, 100 L. ed. 891, and *Eskridge v. Washington State Board of Prison Terms and Paroles,* 357 U.S. 214, 2 L. ed. 2d 1269, which hold that a State cannot constitutionally deny a defendant the right to effective appellate review because he is financially unable to purchase a stenographic transcript of the proceedings at his trial. Practically identical contentions were made in the recent case of *People* v. *Norvell,* (May Term 1962,) 25 Ill. 2d 169. In that case the defendant was convicted in 1941. A portion of the testimony at his trial had been reported by E. M. Allen. Immediately after the defendant's conviction he attempted to obtain a stenographic transcript but was unable to obtain one because he was unable to pay for it. After the adoption of Rule 65—1, an order was entered granting Norvell a free transcript but a complete stenographic transcript could not be furnished because Allen's notes could not be transcribed. It was established there, as in the present case, that a satisfactory bystander's bill of exceptions could not be obtained. Norvell moved for a new trial, claiming that he was deprived of his constitutional right to effective appellate review by reason of the fact that the State was unable to provide him with a com-

.plete stenographic transcript or other suitable means for such review. The motion for a new trial was denied and we issued a writ of error. After a full consideration of the effect of the decisions of the United States Supreme Court, we held that the defendant was not entitled to a new trial. Insofar as the defendant's motion for a new trial is based upon the inability of the State to furnish a stenographic transcript or a satisfactory bystander's bill of exceptions, the *Norvell* case is controlling, and it would serve no useful purpose to repeat in this opinion the reasons underlying our ruling in *Norvell*.

The *Norvell* case does not completely dispose of the contentions advanced by the defendant here. The defendant contends that he was entitled to have the trial judge certify his purported narrative transcript or to correct and then certify that transcript and it is asserted that the failure of the trial judge to do so entitles the defendant to a new trial. The defendant's counsel concedes that the narrative submitted by the defendant may be biased and inaccurate, but it is contended that since the original trial judge is deceased, the other witnesses are unavailable and the prosecutors and the defendant's attorney are unable to recall the testimony, that the defendant's narrative is the only summary of the evidence at his trial and that therefore it must be accepted. We cannot agree with this contention. Before a trial judge certifies any transcript, whether it be a bill of exceptions or a bystander's bill, he must be satisfied that it is an accurate transcript or summary of the evidence at the trial and he is not required to certify an inaccurate summary, even though it may be the only one available. A transcript of the proceedings at the coroner's inquest was referred to upon oral argument and in order to exhaust the possibility of preparing a satisfactory record, we granted leave to file it. While the testimony of the witnesses at the coroner's inquest is not necessarily the same as the testimony of these witnesses at the trial and therefore is of no direct

help in determining whether the petitioner's summary of the evidence at the trial is accurate, it is of interest to compare the actual testimony of the witnesses at the inquest with the petitioner's summary of their testimony then. In his narrative transcript, the defendant stated that a woman had testified at the inquest that she and her son were coming home and saw a tall white man shoot the deceased. According to the defendant, this woman testified at the inquest that the defendant was not the man she had seen. The transcript of the testimony at the inquest shows that when this witness first testified the defendant had not been apprehended. She testified then that she was in the kitchen of her home when she heard a disturbance outside. She ran to the front door and saw a man and woman struggling on the sidewalk. She could not tell whether the man was black or white. The inquest was adjourned and was resumed after the defendant had been apprehended. At the second session she was not asked to identify the defendant.

In his purported narrative of the testimony at the inquest the defendant said that another witness had testified that he had been visiting in the neighborhood and that he had seen a man fleeing the vicinity of the crime. The defendant's version of the testimony was that the coroner asked this man whether he could identify the defendant; that the man replied that the defendant did not look like the man he had seen; that the witness stated that the man he had seen was white or a mulatto; that a policeman then asked the witness if he would not say the defendant was the man he had seen; and that the witness then replied that the defendant was the man. The actual testimony at the coroner's inquest by this witness at the first session was that he got a good look at the man fleeing from the scene of the crime and that this man looked like a Mexican or a mulatto and had very dark skin. At the second session of the inquest he testified that he had picked the defendant out of a line-up of six other men and that he was positive

that the defendant was the man he had seen fleeing the scene of the crime. The wide variance between the defendant's narrative transcript and the actual evidence at the coroner's inquest gives some indication of the unreliability of his narrative of the evidence at the trial and we are of the opinion that the trial judge properly refused to certify the defendant's narrative. The trial judge also properly refused to correct the narrative since there was no basis upon which such a correction could be made.

For the reasons expressed herein, we are of the opinion that the order of the trial court denying the defendant's motion for a new trial and the other motions was correct and the judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*