UNITED STATES of America ex rel. L. T. McKEE, Petitioner-Appellee,

v.

Frank J. PATE, Warden, Illinois State Penitentiary, Respondent-Appellant.

No. 15788.

United States Court of Appeals Seventh Circuit.

Jan. 5, 1967.

Rehearing Denied Feb. 13, 1967, en banc.

William G. Clark, Atty. Gen., Phillip J. Rock, Asst. Atty. Gen., of Illinois, Chicago, Ill., Richard A. Michael, Asst. Atty. Gen., of counsel, for appellant.

Stanley A. Bass, Chicago, Ill., for appellee.

Before KNOCH, CASTLE and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

The respondent-appellant, Frank J. Pate, Warden, Illinois State Penitentiary, has appealed to this Court from an Order of the District Court granting the relator, L. T. McKee, a writ of habeas corpus and directing that he be discharged from respondent's custody.

The relator was convicted of the crime of murder in the Criminal Court of Cook County, Illinois, in June, 1946, and sentenced to life imprisonment. No appeal was taken.

In 1957, the Supreme Court of Illinois granted a petition filed by relator after the decision in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) * for a free transcript of the proceedings at his trial. In the course of subsequent proceedings, it became apparent that the notes of the deceased reporter of the trial could not be transcribed, and that no narrative transcript of the proceedings, or bystander's bill of exceptions could be prepared. Denial of the relator's subsequent motion for a new trial was affirmed by the Supreme Court of Illinois, People v. McKee, 25 Ill.2d 553, 185 N.E.2d 682 (1962), cert. den. McKee v. People of State of Illinois, 374 U.S. 810, 83 S.Ct. 1698, 10 L.Ed.2d 1033 (1963). In January 1966, the Supreme Court of Illinois denied leave to file a petition for writ of habeas corpus.

The petition in this case was then filed in the U. S. District Court and an evidentiary hearing held.

At his original trial relator was represented by Court-appointed counsel, Howard Savage of the Illinois bar. Much emphasis is laid on Mr. Savage's then youth and inexperience. At that time he had been admitted to the practice of the law for only about five months. At the hearing on the current petition, Mr. Savage testified that he was not then familiar with appellate procedures, that he recalled discussing with the relator the impossibility of proceeding by writ of error as he was positive that relator could not purchase a transcript which made drafting a bill of exceptions impossible, and that he did not then know that he could have prepared his own transcript provided that the Trial Judge had certified the factual statement in his bystander's record.

Mr. Savage also testified that a member of his firm, an attorney for close to twenty years, much experienced in the criminal court, was with him during the trial and assisted him in cross-examining the witnesses.

Mr. Savage did file a motion for a new trial which he had good cause to believe would be granted. The assistant State's attorneys with whom he discussed the case indicated that they would be happy to give the relator a new trial and that they would not object to the motion. Mr. Savage had talked over the likelihood of a new trial with relator and had warned him of counsel's own fear lest a new trial result in a death sentence. He said that his own primary concern was with not running the risk of the electric chair again. Subsequently the motion for a new trial was withdrawn with the apparent consent of the relator.

The District Court concluded that relator had been denied his right of effective appellate review and was being held in custody in violation of the Constitution.

---

* Which invalidated financial barriers restricting availability of full appellate review for indigent defendants.

The State of Illinois is not required to perform the impossible. There can be no "invidious discrimination" in denying a transcript which is not available. People v. Norvell, 25 Ill.2d 169, 182 N.E.2d 719 (1962), affd. Norvell v. People of State of Illinois, 373 U.S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963); United States ex rel. Smart v. Pate, 7 Cir., 1963, 318 F.2d 559.

The District Court believed that *Norvell* was distinguished on its facts in that the relator did not have the continuing services of counsel as the U. S. Supreme Court assumed was the case in *Norvell*.

The relator testified that he knew nothing of the law and was never told of his right to appeal, but Mr. Savage recalled discussing appeal with him and the difficulties of trying to appeal without a transcript. He remembered telling the relator of his own fears concerning a new trial.

We cannot agree that the mere fortuitous circumstance that a transcript was no longer available for use by the relator entitled him to be set at liberty, particularly where, as here, a timely motion for new trial, made with reasonable expectation of its grant, was withdrawn.

Nor can we conclude that the late Judge Byrne who presided at the original trial was in any way remiss in not sua sponte appointing counsel to represent the relator in an appeal when the motion for new trial had been withdrawn.

We do not find in the record before us a basis for a finding that Court-appointed counsel inadequately represented the relator. Although Court-appointed counsel was young and inexperienced, he did have an older, experienced senior member of his firm beside him during the trial. He did discuss appeal with the relator. He thought an appeal without a transcript was not feasible and so told his client, but he also shared with his client his concern about a new trial. The most likely result of a successful appeal would have been a new trial.

Unlike the defendant in Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) whose express request for counsel to represent him on appeal was denied, it appears that the relator made an intelligent election, with advice of counsel, to pursue the matter no further.

The decision of the District Court is reversed.

Reversed.