John PRUITT v. STATE of Arkansas

5730                                                484 S.W. 2d 87

Opinion delivered September 4, 1972

*Donald Poe* and *Donald Goodner,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Milton Lueken,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted of the crime of first degree rape by a jury which imposed a life sentence in the State Penitentiary. There was no appeal from that judgment. After two years as an inmate he now has filed a petition for post-conviction relief pursuant to our Criminal Procedure Rule 1. The trial court, by written findings of fact and conclusions of law, dismissed appellant's petition. On appeal the appellant first contends for reversal that "his apprehension without warrant in his home and isolation in jail without bail and questioning by prosecuting attorney without being advised he was entitled to counsel and he could remain silent were acts and conducts on the part of the State invading and destroying his constitutional rights." We find no merit in these multiple contentions.

The appellant was arrested at his home without a warrant. The arresting officer testified that the mother of the eight-year-old victim complained to him and he referred her to the prosecuting attorney. Thereupon the prosecuting attorney called the arresting officer and instructed him to apprehend and arrest the appellant inasmuch as there was a warrant being issued charging appellant with the crime of rape. The records reflect that an information charging this offense was filed by the prosecuting attorney and a bench warrant issued for appellant's arrest on this same date. The bench warrant was served on appellant in jail the following day. The arresting officer also testified that when he arrested the appellant he advised him that a warrant had been issued for him for the alleged crime. Certainly there were sufficient reasonable grounds for the officer to believe appellant had committed the alleged felony and, therefore, his arrest was valid without a warrant. Ark. Stat. Ann. § 43-403 (1971 Repl.), *Clubb* v. *State,* 230

Ark. 688, 326 S.W. 2d 816 (1959), *Jones* v. *State,* 246 Ark. 1057, 441 S.W. 2d 458 (1969).

In response to appellant's testimony that he was never advised of his constitutional rights, the state adduced testimony from an arresting officer that appellant was advised of his rights at the time of his arrest. Also, the next day this witness was present along with another officer when the prosecuting attorney advised appellant of his constitutional rights or the Miranda requirements. This evidence is sufficient to support the trial court's finding that appellant was advised of his constitutional rights. Indeed, the appellant in his argument admits that no confession was ever secured from him. The officers merely testified that appellant said he was too drunk to remember his activities except that he thought he "got stuck somewhere" and had to be "pulled out." As to being held without bail, we observe that no testimony was adduced that application for bail was ever made or denied.

Appellant next asserts he was denied the right to testify and available defense witnesses were not "called or used." The appellant testified that he expressed the desire to take the witness stand in his own behalf and was advised by his attorney that "it wouldn't do any good for me to testify." Appellant's wife testified that she was present and available as a witness and desired to testify, and appellant's counsel told her that "it would be better if we didn't testify." The appellant's attorney testified that since the appellant had previously been convicted of crimes of homicide and indecent exposure that he advised him about the "hazards" of taking the stand inasmuch as the state could elicit this information on cross-examination. However, the attorney testified that he left the decision to the appellant as to whether he should become a witness and that appellant on his own accord decided not to do so. His attorney further testified that appellant's wife refused to testify in his behalf. Also, he had contacted the individuals furnished him by appellant and they refused to appear as witnesses in appellant's behalf. We have held that an attorney's trial tactics and strategy involving elements of discretion and judgment, about which competent counsel

might honestly disagree "after the event" or trial, do not constitute the denial of a fair trial. *Credit* v. *State*, 247 Ark. 424, 445 S.W. 2d 718 (1969). In the case at bar, appellant's court appointed counsel is a veteran practitioner of approximately 30 years, which includes experience as a prosecuting attorney and city attorney. Appellant's trial counsel filed various successful motions relating to appellant's defense including a commitment to the state hospital for a sanity examination. Following appellant's conviction, the attorney promptly filed a motion for a new trial. Before he could perfect the appeal, the trial court relieved the court appointed attorney at appellant's written request. Appellant did not pursue the appeal. Appellant's presently retained counsel initiated this proceeding for post-conviction relief.

Appellant next contends for reversal "that state's witnesses fabricated facts against him of which he could not have been guilty, and to which he did not have any opportunity to rebut." Appellant does not favor us with an argument in support of this assertion. Suffice it to say that we agree with the trial court's finding that the credibility, bias, and prejudice of witnesses are issues of fact, which are properly presented at the original trial and do not come within the purview of post-conviction relief. Our Criminal Procedure Rule No. 1 was not designed or formulated to provide a petitioner with a new trial based upon issues of fact which were or could have been raised at the original trial. *Cox* v. *State*, 243 Ark. 60, 418 S.W. 2d 799 (1967), *Ballew* v. *State*, 249 Ark. 480, 459 S.W. 2d 577 (1970).

In the case at bar, after fully reviewing and canvassing the record, we are of the view that the evidence is sufficient to sustain the trial court's refusal to vacate appellant's sentence and the appellant has not demonstrated a violation of his constitutional rights.

Affirmed.