John D. PRUITT, Appellant,

v.

Terrell Don HUTTO, Commissioner,
Arkansas Department of
Correction, Appellee.

No. 76–1062.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1976.

Decided Sept. 21, 1976.

John D. Pruitt, pro se; Hermann Ivester, Little Rock, Ark., on brief.

Jim Guy Tucker, Atty. Gen., and Jackson Jones, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before GIBSON, Chief Judge, and MARKEY,* and STEPHENSON, Circuit Judge.

PER CURIAM.

Petitioner, John D. Pruitt, appeals from a District Court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm the District Court's disposition.

Pruitt was convicted in an Arkansas state court of first degree rape of an eight-year-old girl and was sentenced to life imprisonment. Pruitt had previously been convicted of homicide and indecent exposure. There

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

was no appeal taken from the rape conviction. Two years after this conviction Pruitt filed a state post-conviction relief action pursuant to the predecessor of Rule 37 of the Arkansas Supreme Court's Rules for Criminal Procedure. In that Rule 37 action, Pruitt contended that he had been subjected to an unconstitutional arrest, had not been advised of his constitutional rights, had been victimized by his trial counsel's errors of judgment and had been convicted on the weight of perjured testimony. The state post-conviction judge dismissed Pruitt's Rule 37 petition and the Supreme Court of Arkansas affirmed. *Pruitt v. State*, 253 Ark. 19, 484 S.W.2d 87 (1972).

Pruitt thereafter filed the present § 2254 petition contending that he was (1) arrested and detained prior to trial without probable cause and (2) subjected to an unconstitutional in-court identification. The District Court concluded that Pruitt's first claim was frivolous and that he had not exhausted available state remedies as to the second claim.

■ Pruitt's contention that his conviction should be vacated because he was arrested and detained without probable cause prior to trial is, as the District Court found, frivolous. The Supreme Court has consistently ruled that an adjudication of guilt is not to be annulled due to an illegal arrest and pretrial detention. *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Frisbie v. Collins*, 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541 (1952).

■ It is also alleged that the District Court erred in ruling that Pruitt had not exhausted his state remedies on the identification issue. Pruitt admits that this issue was not presented in the state post-conviction proceeding; however, he contends that he is foreclosed from litigating this matter in another state post-conviction action due to Rule 37.2(b) of the Rules of the Arkansas Supreme Court which provides:

All grounds for relief available to a prisoner under this rule must be raised in his original or amended petition. Any grounds not so raised or any grounds finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or sentence or in any other proceedings that the prisoner may have taken to secure relief from his conviction or sentence may not be the basis for a subsequent petition.

A literal reading of the rule would support Pruitt's claim that the identification issue, not raised in the initial state post-conviction petition, cannot be asserted in a subsequent state proceeding. However, the Supreme Court of Arkansas has permitted the successive filing of petitions by a single prisoner under certain circumstances. *Davis v. State*, 253 Ark. 484, 486 S.W.2d 904 (1972). Moreover, the commentary accompanying Article X of the new Arkansas Rules of Criminal Procedure implies that Rule 37.- 2(b) is not as preclusive as it seems. The commentary cites *Davis v. State, supra*, and states that only those matters "either finally adjudicated or intelligently waived in previous proceedings" cannot be raised in a later proceeding. Pursuant to this interpretation, matters inadvertently neglected or subsequently developed might provide a basis for a second post-conviction petition.

We, of course, are not expressing an opinion as to the proper interpretation of Rule 37.2(b). We simply conclude that, as a matter of comity, the Arkansas state courts should be afforded an opportunity to determine whether Pruitt can litigate this unexhausted identification issue in a post-conviction proceeding in Arkansas. *See United States ex rel. Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). In our review of Rule 37.2(b), we do not find its restrictions to be as well-defined as Pruitt asserts. Since there has been no adequate showing that resort to state court procedures "would be an idle and useless effort," *United States ex rel. Condon v. Erickson*, 459 F.2d 663, 667 (8th Cir. 1972), or that the state has effectively closed its doors to Pruitt's claim, *Courtney v. Sarver*, 440 F.2d 1197, 1198 n. 1 (8th Cir. 1971), we agree with the District Court that Pruitt should first permit the Arkansas state courts to review his identification issue. Our action in this regard is not unprecedented as to Arkansas prisoners seeking federal habeas corpus relief. We

have previously referred an Arkansas state prisoner back to state court when an issue raised in the federal habeas corpus action had not been presented in the state post-conviction proceedings. *Reynolds v. Lockhart*, 497 F.2d 314 (8th Cir. 1974).

Pruitt also contends that he is entitled to relief from his rape conviction because six of the jurors in his original trial have subsequently signed an affidavit which provides that unspecified newly discovered facts require reconsideration of Pruitt's conviction. The jurors requested that clemency be granted to Pruitt. We dispose of this contention on the merits. It is axiomatic that a juror is not permitted to impeach his verdict after trial. *E.g. United States v. Schroeder*, 433 F.2d 846, 851 (8th Cir. 1970), *cert. denied*, 401 U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 224 (1971). Accordingly, the affidavit tendered by Pruitt entitles him to no habeas corpus relief. If Pruitt can establish that the newly discovered evidence referred to in the affidavit warrants vacation of his conviction, he should present this claim in the first instance to the state courts. In any event, it will have to be the probativeness of the evidence and not the signatures of the jurors which will provide any basis for relief.

Affirmed.