**John D. PRUITT, Appellant,**

v.

**Terrell Don HUTTO, Appellee.**

**No. 77–1905.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1978.

Decided April 19, 1978.

C. Douglas Buford, Jr., Little Rock, Ark., on brief, for appellant.

Bill Clinton, Atty. Gen., and James E. Smedley, Asst. Atty. Gen., Little Rock, Ark., on brief, for appellee.

Before BRIGHT and ROSS, Circuit Judges, and MEREDITH,* Chief Judge.

PER CURIAM.

John D. Pruitt's petition for post-conviction relief under 28 U.S.C. § 2254 is once again before this court. In his petition, filed on July 2, 1975, Pruitt alleged that he was arrested and detained prior to trial without probable cause, and was subjected to an unconstitutional in-court identification.

The district court concluded that Pruitt's first contention was frivolous and that he had not exhausted state remedies on the second contention. This court agreed that the pretrial detention argument was without merit. *Pruitt v. Hutto*, 542 F.2d 458, 459 (8th Cir. 1976). It also found that since there was no adequate showing that resort to state court procedures would be an idle and useless effort, Pruitt should allow the Arkansas state courts to review the identification issue. *Id.* The judgment of the district court was affirmed.

Pruitt then filed a post-conviction petition in an Arkansas state court. When that

---

* The Honorable JAMES H. MEREDITH, Chief Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

petition was dismissed because Pruitt had already filed one such post-conviction petition, this court withdrew that portion of the original opinion relating to the exhaustion of state remedies and remanded to the district court for further consideration of the identification issue. *Pruitt v. Hutto*, 550 F.2d 1093 (8th Cir. 1977).

On remand the district court held a hearing and subsequently denied Pruitt's petition. On this appeal Pruitt raises two allegations of error: 1) that the district court erred in ruling that the in-court identification procedure was not so unnecessarily suggestive as to deny him due process of law; and, 2) that the state's failure to produce the trial transcript denied him full and fair appellate review. We affirm the judgment of the district court.

*In-court Identification.*

Pruitt was charged with the rape of his 8-year-old sister-in-law. She testified against him at the state trial. Although the transcript of that trial has been lost or destroyed, Pruitt attempted to recall what transpired when he testified at the district court hearing. He stated that during the young victim's testimony at his state trial the prosecutor pointed his finger directly at Pruitt and asked, "Is he the one?" She answered, "Yes."

The prosecuting attorney from the state court trial also testified at the hearing in the district court. Although he could not recall how the in-court identification occurred, he did refute Pruitt's reconstruction of the trial.

■ Ruling from the bench, the district court accepted Pruitt's recollection of the in-court identification. Although he stated that such procedure, if it was used, was not favored, he concluded that, under the totality of all the circumstances, the procedure was not an adequate basis for granting post-conviction relief. We agree.

The Supreme Court has rejected a per se exclusionary rule with regard to suggestive identification procedures and has stated that "reliability is the linchpin in determin-ing the admissibility of identification testimony * * * ." *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).

Applying the factors for reliability set out in *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and reiterated in *Manson v. Brathwaite, supra*, 432 U.S. at 114, 97 S.Ct. 2243, the district court found that the victim was well-acquainted with the defendant. Prior to trial she identified her assailant to both her mother and the prosecutor as "J", a family nickname for Pruitt. She had ample opportunity to observe her assailant and indicated her attention to the incident by relating many circumstances of the crime. The district court concluded that the identification was reliable even though the prosecutor's question may have been suggestive. This finding is substantiated by the record of the district court proceedings and supported by the law.

*Failure to Produce Transcript.*

■ Pruitt was convicted of first degree rape in April of 1969 and no appeal was taken from that conviction. Two years later, when he sought post-conviction relief, it was discovered that the trial transcript had been lost or destroyed. Therefore the district court had no record of the state trial proceedings. Pruitt contends that the state's failure to produce the trial transcript has denied him the full and fair appellate review required by the due process clause.

In ruling on a § 2254 petition the district court, of course, has the power to compel the production of the complete state court record. *Townsend v. Sain*, 372 U.S. 293, 319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Indeed such a record is ordinarily indispensible. *Id.* However, the state is not required to perform the impossible. *See United States v. Pate*, 371 F.2d 405, 407 (7th Cir. 1967).

We have thoroughly reviewed the evidence presented to the district court. For the purpose of ruling on the motion, the district court accepted Pruitt's recollection of the in-court identification. Although

other portions of the trial were related in sketchy terms, we believe there was sufficient evidence to support the district court's conclusion that the in-court identification was reliable.

The judgment of the district court is affirmed.