**John David PRUITT, Appellant,**

v.

**Vernon HOUSEWRIGHT, Director, Arkansas Department of Correction, Appellee.**

**No. 80–1060.**

United States Court of Appeals, Eighth Circuit.

Submitted June 30, 1980.

Decided July 9, 1980.

Merl O. Barns, Howell & Price, Little Rock, Ark., for appellant.

Steve Clark, Atty. Gen. and Mary Davies Scott, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BRIGHT, HENLEY and McMIL-LIAN, Circuit Judges.

HENLEY, Circuit Judge.

The district court[1] denied John D. Pruitt's petition for writ of habeas corpus, and he appeals claiming the district court erred (1) in denying his application for a certificate of probable cause,[2] and (2) by failing to grant him an evidentiary hearing.

In 1969 Pruitt was jury tried and convicted in state court of raping his eight year old sister-in-law. He was sentenced to life imprisonment and no appeal was taken from that judgment.[3]

1. The Honorable William Ray Overton, United States District Judge for the Eastern District of Arkansas.

2. By order of January 17, 1980, this court granted the application for the certificate of probable cause, thus we need not and do not consider that issue further.

3. This background is taken from the published decision of the appeal in his petition for post-conviction relief brought in state court [*Pruitt v. State*, 253 Ark. 19, 484 S.W.2d 87 (1972)],

The instant petition, filed in the district court August 20, 1979, alleged Pruitt was entitled to relief because of newly discovered evidence, and the petition included the following items: (1) three petitions signed by residents of Logan County asking that Pruitt be granted clemency; (2) a statement by James P. Jones dated October 4, 1974, that he would help Pruitt because he knew Pruitt was innocent; (3) a letter dated December 16, 1975, to Pruitt from the alleged rape victim; (4) an affidavit of Richard Morris dated October 30, 1978, stating the rape victim had told him Pruitt was innocent, and (5) an affidavit of Martha Goff dated June 5, 1979, similar to that of Richard Morris. The district court held the first two items were not evidence that would justify a new trial, and items three through five were impeachment-type evidence that would not justify relief. The court reached this conclusion under the standard of *Sims v. Brewer*, 439 F.Supp. 891 (S.D.Iowa), *aff'd*, 567 F.2d 752 (8th Cir. 1977), which requires, *inter alia*, that the newly discovered evidence not be merely cumulative or impeaching and that it be of such a nature that its introduction on a new trial would probably produce an acquittal. The district court denied the writ without an evidentiary hearing, and denied Pruitt's application for a certificate of probable cause. This court granted the certificate of probable cause.

The single issue on appeal is whether the district court erred in denying Pruitt an evidentiary hearing.[4] The Supreme Court in *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), enunciated the standard that federal courts must grant evidentiary hearings if (1) the merits

of the factual dispute were not resolved in a state hearing, (2) the state factual determination is not supported by the record, (3) the state fact finding procedure failed to provide full and fair hearings, (4) there is a substantial allegation of newly discovered evidence, (5) material facts were not developed at the state court hearing, or (6) it appears the state fact trier did not afford the petitioner a full and fair hearing. This circuit has repeatedly interpreted this to mean "A federal court must grant an evidentiary hearing in a habeas corpus action brought under 28 U.S.C. § 2254 if relevant facts are in dispute and a fair evidentiary hearing was not granted in state court." *Parton v. Wyrick*, 614 F.2d 154 (8th Cir. 1980), *citing Townsend* and *Toler v. Wyrick*, 563 F.2d 372 (8th Cir. 1977), *cert. denied*, 435 U.S. 907, 98 S.Ct. 1455, 55 L.Ed.2d 498 (1978). *See also Hampton v. Wyrick*, 606 F.2d 834 (8th Cir. 1979), *cert. denied*, —— U.S. ——, 100 S.Ct. 681, 62 L.Ed.2d 654 (1980).

But this court has further held that before a hearing is required, "it must appear that the 'petitioner's allegations, if proved, would establish the right to his release.'" *Morris v. Wyrick*, 516 F.2d 1387 (8th Cir.), *cert. denied*, 423 U.S. 925, 96 S.Ct. 268, 46 L.Ed.2d 251 (1975), *quoting Townsend, supra*, 372 U.S. at 307, 83 S.Ct. at 754. Here the trial court correctly concluded the petitions, letters, and affidavits would not likely, upon their introduction at a new trial, produce an acquittal. *See Sims v. Brewer*, 439 F.Supp. 891 (S.D.Iowa), *aff'd*, 567 F.2d 752 (8th Cir. 1977). We agree the documents do not cast much of a shadow upon Pruitt's conviction;[5] and thus affirm the

and the three published decisions of this court concerning his habeas claims stemming from his 1969 conviction. *Pruitt v. Hutto*, 574 F.2d 956 (8th Cir.), *cert. denied sub. nom. Pruitt v. Mabry*, 439 U.S. 870, 99 S.Ct. 201, 58 L.Ed.2d 182 (1978); *Pruitt v. Hutto*, 550 F.2d 1093 (8th Cir. 1977); *Pruitt v. Hutto*, 542 F.2d 458 (1976).

4. Pruitt does not allege the instant claim was ever presented to any state tribunal. But this court, in its 1977 and 1978 decisions, pointed out that Pruitt did file a second post-conviction petition in state court pursuant to Rule 37 of

the Arkansas Supreme Court's Rules of Criminal Procedure which was dismissed because he had already filed one post-conviction petition in Arkansas courts. This procedure of denying subsequent petitions has been upheld by the Arkansas Supreme Court [*Citing Winberry v. State*, 256 Ark. 65, 505 S.W.2d 497 (1974)], and thus Pruitt appears to have met his obligation to exhaust state remedies.

5. The record shows:
(1) The letter from Jones contains nothing relevant except for the statement, "I am going

district court's denial of the petition for a writ of habeas corpus without an evidentiary hearing.

It is so ordered.

BRIGHT, Circuit Judge, dissenting:

I dissent from the affirmance.

Appellant-petitioner Pruitt is now serving a life sentence for rape of an eight-year-old girl. His present *pro se* petition with attached affidavits makes out a claim that appellant has received new information that suggests that his conviction may have rested on incorrect testimony from the alleged victim of the sexual assault. Thus, a miscarriage of justice, perhaps of constitutional magnitude, may have occurred.

In my judgment, the petition and the attached letters and affidavits justify a hearing to examine the merits of the claim. True, taken at face value, the letter from the victim and the affidavits of Morris and Goff concerning the victim's statement that Pruitt was innocent, would not justify Pruitt's release under a writ of habeas corpus. But this *pro se* petition ought to be deemed sufficient to justify further inquiry.[1]

I would remand the case to the district court with instructions to appoint counsel for Pruitt, as this court did for Pruitt on the present appeal. Pruitt should be permitted to adduce additional evidence by affidavit or deposition to clarify the statements of his "witnesses." The state should be given an opportunity to reply. At its discretion the trial court may wish to hear oral testimony bearing on the issue. From such an expanded record, the district court could then make a more informed ruling.

---

to help you as much as I can for I no [sic] you are a inston [sic] man." No basis for Jones' knowledge or his relation to the case is stated.

(2) The affidavit from Morris indicates he is a state inmate, who was told by the victim "they are punishing the wrong person" when she visited him in jail prior to his being transferred to the state prison where he was incarcerated with petitioner.

(3) The affidavit of Goff indicates she was told in 1979 by the victim that petitioner was not guilty and that she had known the victim

for 10 years and petitioner for 30 years. Morris and Goff do not agree on the name of the victim.

1. Here, certainly the alleged change of testimony of the rape victim ought to be examined. Her trial identification may be open to question as no trial transcript of her testimony remains in existence. *Pruitt v. Hutto,* 574 F.2d 956, 957 (8th Cir.), *cert. denied,* 439 U.S. 870, 99 S.Ct. 201, 58 L.Ed.2d 182 (1978).