Nevail MITCHELL, Appellant,

v.

Donald WYRICK, Appellee.

No. 82–1525.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1982.

Decided Jan. 31, 1983.

David J. Massa, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY and ROSS, Circuit Judges, and HENLEY, Senior Circuit Judge.

ROSS, Circuit Judge.

Mitchell was convicted of first degree murder and sentenced to life imprisonment before the Circuit Court of St. Charles County, Missouri. On appeal to the Missouri Court of Appeals, his conviction was affirmed. He then filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 (1971) in the United States District Court for the District of Missouri. His petition alleged violations of his right to due process and lack of a proper record of state proceedings which resulted in his conviction. The petition was denied without a hearing. Mitchell then appealed that adverse ruling to this court asserting that he was never given a proper record from which to appeal, and that the district court erred in not holding a hearing on the habeas petition. We affirm the district court's, 536 F.Supp. 395, judgment of dismissal.

*Right to Adequate Record*

Following the trial and conviction, it took two years for the court reporter to transcribe the proceedings.[1] Gaps in the official transcript existed, and the public defender who tried the case refused to approve or sign the transcript. The following, asserts

1. Even then it took a contempt citation before the proceedings were transcribed. *See State v.*

Mitchell, were omitted: 1) a motion to suppress identification evidence; 2) a motion to suppress a statement made by Mitchell to police officers after an attorney had been requested; 3) the voir dire portion of the transcript that showed juror bias; 4) a statement by the prosecuting attorney that he did not have to disclose the name of a rebuttal witness under Missouri Supreme Court Rule 25.32; and 5) evidence at the motion for a new trial. Mitchell contends that *Chessman v. Teets*, 350 U.S. 3, 76 S.Ct. 34, 100 L.Ed. 4 (1955) and *Chessman v. Teets*, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1957) give him the right to a properly prepared and properly settled transcript. Although the district court remanded the transcript issue to the Missouri Court of Appeals, and although the prosecuting attorney stipulated to the omitted objections and legal arguments (but not the actual testimony), Mitchell asserts that the transcript issue has not been resolved.

It is clear from the record that at the transcript hearing in state court, the state stipulated to the alleged errors and omissions except those concerning the actual testimony. Furthermore, the state agreed to take as true all of Mitchell's allegations except for those regarding the pretrial hearing on the motion to suppress statements, identification, and evidence. At the transcript proceeding Mitchell's counsel was asked if the transcript issue was settled, and replied "[i]t certainly sounds like it." No objection was made when the court approved the transcript.

Mere absence of a perfect transcript does not necessarily deny one due process of law. *Huffman v. State of Missouri*, 399 F.Supp. 1196 (W.D.Mo.1975), aff'd, 527 F.2d 899 (8th Cir.), cert. denied, 426 U.S. 924, 96 S.Ct. 2634, 49 L.Ed.2d 379 (1976); *United States ex rel. Hunter v. Follette*, 307 F.Supp. 1023 (S.D.N.Y.1969), aff'd, 420 F.2d 779 (2d Cir.), cert. denied, 397 U.S. 1067, 90 S.Ct. 1506, 25 L.Ed.2d 689 (1970).

*Mitchell*, 622 S.W.2d 791, 794 (Mo.App.1981).

First, a constitutional violation needs to be asserted. The district court indicated that it had carefully reviewed the transcript hearing and stipulation and had read a letter sent to the Clerk by Mitchell alleging the omissions in the transcript. The district court presumed that these omissions were true to assure that Mitchell suffered no prejudice. With regard to the identification issue and the absence of a suppression hearing transcript, the district court noted that the state appeals court made findings of fact, and the district court also reviewed pictures of the lineup and photocopies of the pictorial display shown to the witnesses.

The district court found the following: 1) the evidence was sufficient to convict beyond a reasonable doubt; 2) the identification was neither unnecessarily nor impermissibly suggestive and was not unreliable based on all the circumstances; 3) use of testimony in rebuttal for impeachment purposes does not violate *Miranda;* 4) errors regarding admissibility are part of state law and not reviewable on habeas unless a constitutional deprivation arises, and one was not alleged; 5) endorsement of a witness who is used only to impeach is not constitutionally required; 6) the state court granted Mitchell's motion to strike which was all the relief requested, so a mistrial was not in order for an inconsistent statement. The district court, therefore, found all of Mitchell's claims to be without merit and denied the petition.

We find that Mitchell and his attorney fully participated in the state transcript proceeding as required under *Chessman,* and that seven of the nine requested changes were made at that hearing. Although we find it deplorable that two years elapsed before an official transcript was forthcoming and even then some parts were omitted, Mitchell has failed to show how having the complete record could have benefited him. He has failed to allege any prejudice or harm which resulted from not having a complete transcript.

Mitchell asserts that the evidence of pretrial and in court identifications should have been suppressed because it was suggestive. Although we do not have a transcript of the suppression hearing, the Missouri Court of Appeals reconstructed the pretrial identification evidence. *State of Missouri v. Mitchell,* 622 S.W.2d 791 (Mo. App.1981). The Missouri court found the following:

> Three days after seeing the car and the subject in question, both witnesses, Duane Smith and Sue Ann Morris were shown nine photographs of black males. Prior to the viewing, which was conducted in the presence of a high school guidance counselor and two police officers, Smith heard an officer state that the one they thought did it was in Louisiana. The officer, however, did not indicate which man it was or suggest to Smith whom he should identify. Smith then viewed the nine photographs and identified the appellant, as the man he saw driving the blue Cutlass. Morris was unable to make an identification because she had only seen the back of the subject's head. Two days later both witnesses separately viewed a six-man lineup at the St. Charles County Sheriff's Office. Smith positively identified the appellant again. Morris, after asking the lineup participants to face in the opposite direction so she could see the back of their heads, identified the appellant as the man driving the blue Cutlass. Again, there is no indication that the police suggested whom the witnesses should identify. We further conclude that there were no suggestive and improper procedures employed by the police, negating appellant's argument that there was a lack of independent basis for said identifications.

*Id.* at 795. Mitchell does not allege that this summary is incorrect. Therefore, assuming the facts the Missouri Court of Appeals found to be true, we find the procedures employed were not suggestive.

Mitchell also contends he was prejudiced by lack of a suppression transcript regarding his motion to suppress a statement made by him to police officers after

an attorney had been requested.[2] The government did not attempt to use these statements in its case in chief. The district court found no *Miranda* violation, since Mitchell testified on his own behalf and did so inconsistently with other statements. *See Oregon v. Hass,* 420 U.S. 714, 722, 95 S.Ct. 1215, 1220, 43 L.Ed.2d 570 (1975). We are in agreement with the district court that these statements could be used for impeachment purposes under *Oregon v. Hass, supra.*

■ With regard to the voir dire issue, Mitchell alleges nothing that indicates bias. His assertion that certain statements showed bias, without more, is not sufficient to require reversal. Had he alleged specific incidents of bias or prejudice, the burden would be on the government to show no bias or prejudice existed.

■ Mitchell alleges that testimony of a rebuttal witness for the state, Phyllis Nelson, should have been excluded, because the state did not endorse her as a witness. Disclosure of Phyllis Nelson's prior written statements would be mandated if the information was 1) favorable to the accused, and 2) material to guilt or punishment. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). As we stated in *Link v. United States,* 352 F.2d 207, 212 (8th Cir.1965), *cert. denied,* 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966):

> Of course, any suppression of evidence favorable to an accused, "where the evidence is material * * * to guilt", can constitute a violation of due process. *Brady v. State of Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–1197, 10 L.Ed.2d 215. Evidence material to guilt is, we think, evidence which is of probative character on that question. As to evidence not of that character and having admissibility only for the purpose of impeachment or credibility attack, non-disclosure or suppression, to be violative of due process, would in our opinion, unless the situation is otherwise tainted, have to be of such inherent significance as to represent fundamental unfairness.

*See also Ogden v. Wolff,* 522 F.2d 816 (8th Cir.1975), *cert. denied,* 427 U.S. 911, 96 S.Ct. 3198, 49 L.Ed.2d 1203 (1976). Her testimony was not favorable to Mitchell, and furthermore, one of Mitchell's witnesses, investigator Ronald Schmitz, was the officer who interviewed Phyllis Nelson. Consequently, we find no constitutional violations in this regard.

■ And finally, Mitchell alleges that the transcript also omits the evidence presented at the hearing on his motion for a new trial, which would have shown that an alternate juror had read newspaper articles about the trial. Mitchell does not allege that this occurrence caused him any actual prejudice or bias. We find the claim, therefore, utterly without merit and the error, if any, not to be prejudicial.

■ The district court assumed the truth of Mitchell's allegations and failed to find any violations of Mitchell's rights. We agree with that determination. Consequently, we hold that the lack of a complete transcript in this factual setting did not violate Mitchell's right to a record for purposes of an appeal.

### Right to Hearing

Mitchell alleges that he did not receive a hearing in district court on his habeas petition, and therefore he was denied due process of law.

In *Jensen v. Satran,* 651 F.2d 605, 607–8 (8th Cir.1981) we held:

> A federal district court must grant an evidentiary hearing in a section 2254 action if:
>
> (1) the merits of the factual dispute were not resolved in a state hearing, (2) the state factual determination is not supported by the record, (3) the state fact finding procedure failed to provide full and fair hearings, (4) there is a

---

2. The Missouri Court of Appeals found the statements made by Mitchell after he asked for an attorney to be made involuntarily.

substantial allegation of newly discovered evidence, (5) material facts were not developed at the state court hearing, or (6) it appears the state fact trier did not afford the petitioner a full and fair hearing.

*Pruitt v. Housewright,* 624 F.2d 851, 852 (8th Cir.1980) (*citing Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963)).

This court has required a federal district court to grant an evidentiary hearing in a section 2254 action "if relevant facts are in dispute and a fair evidentiary hearing was not granted in state court." *Id.* (*quoting Parton v. Wyrick,* 614 F.2d 154, 158 (8th Cir.), *cert. denied,* 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980)). Before a hearing is required, however, it must appear that the petitioner's allegations, if proven, would establish the right to his release. *See also Walker v. Solem,* 648 F.2d 1188 at 1189 (8th Cir.1981) (standards for evidentiary hearings in section 2254 cases discussed); *Lindner v. Wyrick,* 644 F.2d 724 at 729 (8th Cir.1981) (dismissal without an evidentiary hearing proper when dispute can be resolved on the basis of the record).

(Footnote omitted.)

■ A full evidentiary hearing need not be held if Mitchell received a full and fair hearing in state court, *Hampton v. Wyrick,* 588 F.2d 632, 634 (8th Cir.1978), *cert. denied,* 440 U.S. 924, 99 S.Ct. 1253, 59 L.Ed.2d 477 (1979), and if the district court has independently reviewed the transcript of the state proceedings. *Hill v. Wyrick,* 570 F.2d 748, 750 (8th Cir.), *cert. denied,* 436 U.S. 921, 98 S.Ct. 2272, 56 L.Ed.2d 764 (1978). *See Hampton v. Wyrick,* 606 F.2d 834, 836 (8th Cir.1979), *cert. denied,* 444 U.S. 1022, 100 S.Ct. 681, 62 L.Ed.2d 654 (1980). The factual situation in this case complies with the *Jensen* criteria. Mitchell received a full hearing on the transcript issue at the state court level. The district court then reviewed the entire proceedings in the light most favorable to Mitchell and found his claims to be without merit.

The case of *Pruitt v. Hutto,* 574 F.2d 956, 957 (8th Cir.), *cert. denied,* 439 U.S. 870, 99 S.Ct. 201, 58 L.Ed.2d 870 (1978) is very similar to the present case. In *Pruitt* the defendant was convicted of first degree rape. Two years later he applied for post conviction relief and found the trial transcript had been lost or destroyed. No record of the state proceedings existed. The court stated:

In ruling on a § 2254 petition the district court, of course, has the power to compel the production of the complete state court record. *Townsend v. Sain,* 372 U.S. 293, 319, 83 S.Ct. 745, [760] 9 L.Ed.2d 770 (1963). Indeed such a record is ordinarily indispensible. *Id.* However, the state is not required to perform the impossible. *See United States v. Pate,* 371 F.2d 405, 407 (7th Cir.1967).

*Id.* at 957. In *Pruitt,* as in the present case, the court accepted the defendant's version of the facts for purposes of the appeal. This was held to be sufficient to comply with due process requirements.

As in *Hampton,* we find nothing in the present record to indicate that Mitchell did not receive a full and fair hearing in the state court. As we stated in *United States v. Beck,* 606 F.2d 814, 816 (8th Cir.1979):

The district court properly rejected Beck's arguments without a hearing. While the general rule is that a hearing is necessary when factual issues are presented in § 2255 motions, a hearing need not be held where the files and records " 'conclusively show that the prisoner is entitled to no relief.' " *Lindhorst v. United States,* 585 F.2d 361, 364 (8th Cir.1978) (quoting *Cain v. United States,* 271 F.2d 337, 338 (8th Cir.1959)).

Consequently, the district court did not err by not holding an evidentiary hearing and in denying Mitchell's petition for a writ of habeas corpus.

After carefully reviewing Mitchell's contentions on appeal, we are satisfied that they are without merit. We find that the district court was correct in its findings of fact and conclusions of law and accordingly affirm.