**Luther HALL, Appellant,**

**v.**

**A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.**

**No. 86–1107.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1986.

Decided Nov. 25, 1986.

Rehearing Denied Jan. 29, 1987.

Milton A. DeJesus, Little Rock, Ark., for appellant.

Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Appellant Luther Hall appeals from a final judgment entered in the District Court for the Eastern District of Arkansas denying a writ of habeas corpus. For the reasons discussed below the judgment of the district court is affirmed.

1. The Honorable Garnett Thomas Eisele, United States Chief District Judge for the Eastern Dis-

## I. BACKGROUND

Hall was convicted of two counts of capital murder and one count of second degree murder. He was sentenced to life imprisonment without parole for the capital murders and thirty years for the second degree murder. Both convictions were affirmed by the Arkansas Supreme Court. *Hall v. State,* 276 Ark. 245, 634 S.W.2d 115 (Ark. 1982), *cert. denied,* 459 U.S. 1109, 103 S.Ct. 738, 74 L.Ed.2d 960 (1983).

Hall's petition for habeas corpus was denied by the district court [1]. Hall on appeal argues that the trial court erred in admitting illegally obtained evidence and a coerced confession, that the prosecution used perjured testimony against him, that his counsel's assistance was ineffective, and that he has newly discovered evidence which proves his innocence. Each point will be discussed individually along with the facts pertaining thereto.

## II. DISCUSSION

Hall contends that the gun seized from an automobile in which he was a passenger and which linked him to one of the murders was obtained in violation of the Fourth and Fourteenth Amendments and therefore should not have been admitted at trial. At a pre-trial suppression hearing pursuant to Ark.R.Crim.P. 16.2, the trial judge ruled that Hall had consented to the search or in the alternative that he had no standing to challenge its constitutionality. Since Hall has been provided with an opportunity for full and fair litigation of his Fourth Amendment claim in the state court, he is not entitled to habeas corpus relief on this ground. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1975); *Flittie v. Solem,* 775 F.2d 933, 943 (8th Cir.1985) (en banc), *cert. denied,* — U.S. ——, 106 S.Ct. 1223, 89 L.Ed.2d 333 (1986).

Hall next urges this court to grant relief on the grounds that the incriminating statement he made to the police was

trict of Arkansas.

coerced. Hall argues that he was psychologically coerced into making a statement because he was held in an interrogation room for over five hours prior to booking wearing only a T-shirt, pants, and slippers, was shown statements made by his coconspirators, and was ultimately held incommunicado in maximum security over the weekend before he made a statement.

Hall made this argument at a pre-trial suppression hearing, to the Arkansas Supreme Court, and to the federal district court in this habeas corpus proceeding. None of these courts was persuaded that his statement was coerced. At the hearing the trial judge listened to a full day of testimony by Hall, the police officers who took his statement, and others, and concluded that the totality of the circumstances indicated that the statement was voluntarily made. Credibility of the witnesses was considered as was the fact that Hall had been read his rights several times but failed to exercise his right to counsel. The district court, applying the presumption of correctness given state court factual findings, *see* 28 U.S.C. § 2254(d) (1982); *Graham v. Solem,* 728 F.2d 1533 (8th Cir.1984), *cert. denied,* 469 U.S. 842, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984), held that the trial court's findings were supported by the record. Hall urges this court to disregard the findings of the trial court and completely review the factual basis of his claim. However, this is not the role of federal courts in habeas corpus proceedings. In *Graham v. Solem,* 728 F.2d at 1541, this court stated that the "federal role is simply to ascertain whether the state court's choice has fair support in the record."

This test, as applied to coerced confession claims, was recently redefined by the Supreme Court in *Miller v. Fenton,* —— U.S. ——, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985). Although decided on December 3, 1985, several months prior to submission of briefs in this case, neither party argued for application of the *Miller* standard. However, even under *Miller,* Hall's claim fails. In *Miller* the Supreme Court stated that while subsidiary factual questions such as whether police engaged in intimidation tactics are entitled to a presumption of correctness, the ultimate issue of the voluntariness of a confession is a matter, under the totality of the circumstances, for independent federal determination. *Id.* at 451. After a careful review of the facts the district court concluded that Hall had voluntarily waived his rights and made a statement. The record contains no indication that Hall's will was overborne by the police interrogation methods. Therefore, the holding of the district court is affirmed.

As the third ground for error Hall argues that he was denied a fair trial because the prosecution knowingly or negligently used perjured testimony against him at trial. The district court rejected this argument because Hall failed to allege that the prosecution had knowledge of the perjury. Since the allegation of knowledge, and thus the entire due process issue, was not made in the district court, this court will not consider the issue for the first time on appeal. *Cole v. Hunter,* 726 F.2d 434 (8th Cir.1984); *Randall v. Wyrick,* 642 F.2d 304 (8th Cir.1981).

Hall also argues that his counsel's assistance was ineffective because counsel did not adequately explore the effects of pretrial publicity on the jury during voir dire, did not effectively cross-examine the sole eyewitness to testify, and did not locate a witness, Granville Murphy, to testify for the defense. Hall's contentions were heard before a magistrate whose proposed findings and memorandum were adopted by the district court. The magistrate, relying on *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), held that counsel's performance during voir dire was not unreasonable, his limited cross examination of the eyewitness was the result of sound trial strategy, and his failure to have Murphy testify was caused by an inability to find him, not a failure to look. After thorough consideration of the record we conclude that the magistrate's findings are not clearly erroneous.

As his last ground for relief Hall argues that he should be granted an evi-

dentiary hearing to determine if newly discovered exculpatory affidavits made by participants in the crimes are sufficient evidence to warrant a new trial. The district court refused to grant a hearing because the evidence does not rise to a constitutional level. We agree.

At trial Charles Moorman, a participant in the murders, testified for the prosecution that Hall was an active participant in the crimes. Billy Gene Stephenson, another participant, refused to testify. Moorman and Stephenson both pleaded guilty to murder and are serving life sentences. After Hall's conviction Moorman recanted his former testimony and Stephenson signed an affidavit stating that he was prepared to testify that Hall did not participate in the murders.

The Supreme Court determined when an evidentiary hearing must be granted in *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962). The Court stated that a hearing is required if there is a "substantial allegation of newly discovered evidence," *id.* at 313, 83 S.Ct. at 757, but also stated that "the existence merely of newly discovered evidence relevant of the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Id.* at 317, 83 S.Ct. at 759. This court has stated that before a hearing is required it must be shown that the new evidence, if introduced at a new trial, would likely produce an acquittal. *Pruitt v. Housewright,* 624 F.2d 851 (8th Cir.1980).

The district court found that the affidavits were not so conclusive as to warrant an evidentiary hearing. Recantation by convicted co-defendants is viewed with a considerable element of skepticism *United States v. Mackin,* 561 F.2d 958, 961 (D.C. Cir.), *cert. denied,* 434 U.S. 959, 98 S.Ct. 490, 54 L.Ed.2d 319 (1977) (recantations by witnesses for the prosecution are viewed with suspicion); *United States v. Stewart,* 445 F.2d 897, 899 (8th Cir.1971) (recanta-

tion by informer should be viewed with suspicious eye); and we think such evidence should be supported, where possible, by additional and independent evidence. At trial the jury was read a statement made by Hall to the police in which he admitted being present at the scene of the crimes. Hall stated that he watched Moorman and another man tie up the victims and place them in the trunk of a car which Hall then drove to the side of a ditch. When the trunk was opened the victims were shot to death while Hall stood at the curb watching for the police. This statement, combined with the fact that Moorman and Stephenson are serving life sentences and thus may have nothing to lose by perjuring themselves,[2] leads us to conclude that the district court's finding that the affidavits would not result in an acquittal was not clearly erroneous. Therefore, Hall is not entitled to an evidentiary hearing on this issue.

### III. CONCLUSION

After careful review of the record and consideration of the parties' briefs, we conclude that the judgment of the district court should be, and is, affirmed.

WOLLMAN, Circuit Judge, concurring and dissenting.

I find this to be a troubling case. Granted that the killings (executions, really) were brutally carried out, the tardily-submitted affidavits merit fuller consideration when viewed in the light of the evidence against Hall.

Moorman's trial testimony was at best equivocal on whether Hall had a weapon in his possession at the time of the killings. True, Hall admitted in his statement that he drove one of the cars to the scene of the killings and stood watch while Moorman, Stephenson, and a third man fired into the trunk. Hall also stated, however, that at

---

**2.** It is ironic that Hall's argument that he is entitled to a new trial is based in part on Moorman's affidavit recanting his former testimony. In a separate issue Hall urges this court to find that his counsel's assistance was ineffective be-

cause counsel failed to cross examine Moorman about prior inconsistent statements. These statements, Hall argues, "indicated his [Moorman's] lack of veracity and credibility. Brief for Appellant at 43.

the time Moorman and the others came to his home and asked him to join them he had no idea that they planned to kill the victims. Moreover, he denied having a pistol in his possession at the time of the killings. Moorman and Stephenson now claim to be prepared to testify to the truth of Hall's denial of complicity. Indeed, Moorman stands ready to testify that Hall was forced to participate in the killings.

I agree that recantations are to be viewed with a skeptical eye, especially when they come from the likes of Moorman and Stephenson. That said, however, I believe that Hall should be afforded an evidentiary hearing on his claim of newly discovered evidence. *See Pruitt v. Housewright,* 624 F.2d 851, 853 (8th Cir.1980) (Bright, J., dissenting).

I concur in the remainder of the majority opinion.