# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2926

_____

Terrell Jamaal Travis,                    *

                                *

         Appellant,             *

                                *   Appeal from the United States

   v.                           *   District Court for the Eastern

                                *   District of Arkansas.

Larry Norris, Director,           *

Arkansas Department of Correction,   *   [UNPUBLISHED]

                                *

         Appellee.             *

_____

Submitted: December 17, 2008
Filed: January 9, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

    Terrell Travis appeals the district court's[1] judgment denying his 28 U.S.C. § 2254 petition. Travis is serving a 55-year sentence imposed after an Arkansas jury found him guilty of drug offenses. On direct appeal, the Arkansas Court of Appeals rejected his challenge to the trial court's denial of his motion to suppress, finding he

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

lacked standing to challenge the search of a rental car he was driving without authorization in the rental agreement. See Travis v. State, 233 S.W.3d 705, 708-09 (Ark. Ct. App. 2006).

In the instant habeas petition, Travis raised a Fourth Amendment challenge to the denial of his motion to suppress, and the district court rejected the claim as barred by Stone v. Powell, 428 U.S. 465 (1976). The district court nevertheless granted Travis a certificate of appealability on his Fourth Amendment claim. We agree with the district court that the claim is Stone-barred because Arkansas provided Travis with an opportunity to fully and fairly litigate his Fourth Amendment claim and thus it is not cognizable on federal habeas review. See Chavez v. Weber, 497 F.3d 796, 801-02 (8th Cir. 2007) (standard of review; if state afforded opportunity for full and fair litigation of Fourth Amendment claim, habeas relief is unavailable even if legal or factual error occurred); see also Terry v. Martin, 120 F.3d 661, 662-64 (7th Cir. 1997) (rejecting habeas petitioner's claim that he did not have full and fair opportunity to litigate his Fourth Amendment claim before Illinois courts where state courts concluded he lacked standing to contest search of apartment; any theoretical distinction between standing to raise Fourth Amendment claim and merits of that Fourth Amendment claim is illusory); Hall v. Lockhart, 806 F.2d 165, 166 (8th Cir.1986) (Fourth Amendment claim barred by Stone where state court denied motion to suppress because petitioner had consented to search or alternatively had no standing to challenge its constitutionality).

Accordingly, we affirm.

_____