Scott Dale **WHITE,**
**Petitioner–Appellant,**

v.

**STATE OF FLORIDA, DEPARTMENT OF CORRECTIONS; Harry K. Single-tary, Robert Butterworth, Respondents–Appellees.**

No. 90–3375
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 21, 1991.

---

Scott Dale White, Belle Glade, Fla., for petitioner-appellant.

Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before CLARK, COX and DUBINA, Circuit Judges.

DUBINA, Circuit Judge:

The appellant in this case, Scott Dale White ("White"), appeals from the judgment of the district court denying his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the reasons which follow, we affirm the judgment of the district court.

## I. BACKGROUND

White is a Florida prison inmate presently serving consecutive life terms of imprisonment for kidnapping and sexual battery. White was convicted following a jury trial, and the conviction and sentence were affirmed.[1] This is White's second federal habeas petition.[2]

In the present petition White raises five grounds for relief: (1) denial of right to meaningful appeal because the appellate court reviewed invalid transcripts; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; (4) *Brady*[3] violations; and (5) gross error committed by the court reporter made it impossible for the state appellate court to render a fair assessment of the case. White subsequently withdrew grounds two and four and grounds one and five were consolidated. Counsel for White also apparently withdrew ground three by stating that there was no ineffective assistance of appellate counsel, but White, in his pro se objections to the magistrate judge's report,

---

1. *White v. State,* 415 So.2d 1377 (Fla.Dist.Ct. App.1982).

2. The district court determined that the present petition was not an abuse of the writ and that there was no procedural bar. The state does not appeal these rulings and does not challenge

exhaustion. White's first habeas petition in which the district court denied relief was affirmed by a panel of this court in *White v. Wainwright,* 780 F.2d 1032 (11th Cir.1985).

3. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

stated that he did not intend for that ground to be abandoned.

The record in this case demonstrates that due to an error committed by the court reporter, the trial testimony of four witnesses was substituted in place of their suppression hearing testimony. This error was not discovered until after the district court dismissed White's first habeas petition.

## II. DISCUSSION

### A. *Denial of A Meaningful Direct Appeal*

White contends that he was denied due process because the defect in the suppression hearing transcript foreclosed his right to a meaningful direct appeal. White relies on case law that has construed the application of the Court Reporter Act, 28 U.S.C. § 753, in cases where a federal defendant has appealed his conviction and there was some omission or defect in the transcript on appeal.[4] In its brief, the state argues that White is not entitled to relief because he has failed to show how the transcript error prejudiced his state appeal.

While this circuit has not considered the issue presented in this case, two other circuits have determined that in a federal habeas corpus case brought by a state prisoner, the absence of a perfect transcript does not violate due process absent a showing of specific prejudice. *See Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir.1986), *cert. denied*, 481 U.S. 1056, 107 S.Ct. 2198, 95 L.Ed.2d 853 (1987); *Mitchell v. Wyrick*, 698 F.2d 940, 941–42 (8th Cir.), *cert. denied*, 462 U.S. 1135, 103 S.Ct. 3120, 77 L.Ed.2d 1373 (1983). We are persuaded by the reasoning of the sixth and eighth circuits.

Accordingly, we agree with the district court that since White has failed to demonstrate how the defective suppression

hearing transcript prejudiced his direct appeal, he is entitled to no relief on this claim.

### B. *Ineffective Assistance of Appellate Counsel*

In his brief, White argues that his state appellate counsel was ineffective because he failed to discover the error in the suppression hearing transcript. The state argues that appellate counsel's performance was not deficient because it was not unreasonable for counsel not to have discovered the error and that in any event White suffered no prejudice. We agree with the district court that appellate counsel's performance was not deficient. The error in the transcript went undiscovered by several attorneys and judges for approximately five years. The error in the transcript was not obvious and appellate counsel was not deficient for failing to discover it. Moreover, as previously stated, White has failed to show any prejudice resulting from the defect in the transcript.

### C. *New Claim of Ineffective Assistance of Appellate Counsel*

White raises for the first time on appeal a claim that appellate counsel was ineffective for failing to communicate with trial counsel regarding issues for appeal. This claim was not presented to the district court and is therefore not properly before this court on appeal. *See United States v. Edmondson*, 818 F.2d 768, 769 (11th Cir. 1987).

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court denying White's petition for writ of habeas corpus.

AFFIRMED.

---

**4.** Two rules of law have evolved in this circuit regarding violations of the Court Reporter Act in federal cases. The first holds that failure to comply with the Act is not per se error and does not require reversal absent a showing of hardship to the defendant and a prejudicial effect upon his appeal. A separate rule applies when a defendant has different counsel for direct appeal. In that event, the absence of a substantial and significant portion of the record entitles such defendant to a new trial even absent any showing of prejudice. *See United States v. Selva*, 559 F.2d 1303, 1305–06 (5th Cir.1977). *Selva* and its progeny do not address petitions by state prisoners to federal courts for writs of habeas corpus, as is the case here.