30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry GLOVER, Petitioner-Appellant,
v.
John LITTLEFIELD, Warden, Respondent-Appellee.
 No. 93-3949.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Henry Glover appeals from the district court's order denying his petition for writ of habeas corpus. This court has granted a certificate of probable cause. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 On October 14, 1987, Glover shot one of the residents in the apartment which Glover owned and where he lived. Glover had apparently asked the victim, Roosevelt Scott, and his girlfriend, Rollyn Radford, to vacate the premises on several occasions because they had not been paying the rent. On the night of the murder, Glover saw lights on in Scott's apartment and went to the basement to cut off the electricity. When Glover came out of the basement, he encountered Scott near Scott's apartment. The two fought, and Glover shot Scott in the head. Glover maintains that he was attacked by Scott, and did not intend to shoot him.
 
 
 3
 Glover was indicted by the Cuyahoga County grand jury on one count of aggravated murder, in violation of Ohio Rev.Code Sec. 2903.01, with firearm and felony murder specifications, and one count of aggravated burglary, in violation of Ohio Rev.Code Sec. 2911.11, with a firearm specification. At the close of the state's case, the trial court granted Glover's motion for acquittal relating to the aggravated burglary charge, and reduced Glover's felony murder charge to that of murder, in violation of Ohio Rev.Code Sec. 2903.02, with a firearm specification. Glover was convicted by a jury on the amended charge, and the court sentenced him to prison for a term of fifteen years to life for murder with an additional three years for the firearm specification.
 
 
 4
 Upon exhausting his state court remedies, Glover filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court dismissed the petition. Glover filed a notice of appeal and a motion for certificate of probable cause, which was later granted by this court.
 
 II.
 
 5
 Federal courts have limited jurisdiction to entertain a state prisoner's habeas petition to correct errors of constitutional magnitude. 28 U.S.C.A. Sec. 2254(a)(1977); 28 U.S.C.A. Sec. 2241(c)(3)(1971); Wright v. West, 112 S.Ct. 2482, 2486 (1992); Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). We review a district court's refusal to grant a habeas petition de novo. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 62 U.S.L.W. 3749 (U.S. May 16, 1994) (No. 93-1500). We accord complete deference to the state court's findings of fact, and subject the district court's factual findings to a clearly erroneous standard of review. Id.
 
 A.
 
 6
 In his first assignment of error, Glover contends that he was denied equal protection and due process of law when a portion of his trial transcript was destroyed. Only the state's case-in-chief had been reduced to a transcript when a fire at the Justice Center in Cleveland, Ohio, destroyed the court report's notes containing voir dire, the motion for judgment of acquittal, the testimony defense witnesses, closing arguments and jury instructions.
 
 
 7
 In Bransford v. Brown, 806 F.2d 83 (6th Cir.1986), cert. denied, 481 U.S. 1056 (1987), this court held that a state prisoner seeking federal habeas must demonstrate prejudice due to the missing transcripts before a constitutional violation of a right to a fair appeal will be found. Id. at 86. See also White v. Florida, 939 F.2d 912, 914 (11th Cir.1991) (following Bransford ), cert. denied, 112 S.Ct. 1274 (1992); Mitchell v. Wyrick, 698 F.2d 940, 941-42 (8th Cir.), cert. denied, 462 U.S. 1135 (1983). Glover maintains that he sought an instruction on self-defense, which was denied. However, he has failed to make any showing of prejudice from the trial court's purported failure to give such an instruction. Glover did consult with his trial attorneys and utilized Ohio Appellate Rule 9(C)[1] in an attempt to show that no lesser included offense was given or instructions on accident or self-defense; but he made no attempt to supplement the appellate record with any substantive evidence of self-defense, such as testimony from defense witnesses. In sum, although Glover had a constitutional right to a transcript in this case, see Griffin v. Illinois, 351 U.S. 12, 18 (1956) (plurality opinion) (although a state is not constitutionally required to afford appeals from criminal convictions, once it does, the process must meet the requirements of due process and equal protection), which might have been satisfied through use of Rule 9(C), see Mayer v. Chicago, 404 U.S. 189, 194 (1971) (lack of verbatim transcript is not a constitutional defect when a suitable alternative is available), Glover's failure to show nothing more than "rank speculation" that the transcripts were necessary to a fair appeal precludes any finding of a constitutional violation by this court. See Bransford, 806 F.2d at 86.[2]
 
 B.
 
 8
 Glover's second argument pertains to the trial counsel's failure to order a complete trial transcript, which Glover argues amounts to ineffective assistance of counsel. This issue is also controlled by Bransford. In that case, although the court acknowledged that petitioner's appellate counsel had been deficient in failing to notice that the trial transcript was incomplete, the petitioner's failure to affirmatively prove prejudice defeated a claim of ineffective assistance of counsel as under the standards set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).[3] Bransford, 806 F.2d at 86-87. Thus, Glover's failure to demonstrate any prejudice is also fatal to his ineffective assistance of counsel claim.
 
 C.
 
 9
 In his third contention on appeal, Glover asserts that he was denied due process of law when the trial court failed to give any instruction on voluntary manslaughter and/or involuntary manslaughter. After an evidentiary hearing, the district court concluded that Glover had presented no evidence that the trial court's failure to instruct the jury on the lesser included offenses of involuntary and voluntary manslaughter violated his due process rights.
 
 
 10
 In noncapital cases, the failure to instruct the jury on a lesser included offense generally does not warrant federal habeas relief unless the error resulted in a fundamental miscarriage of justice. Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir.) (plurality opinion) (en banc), cert. denied, 496 U.S. 929 (1990). We have reviewed the testimony taken at the evidentiary hearing and agree with the district court's conclusion that the evidence did not warrant instructions on manslaughter. First, there is absolutely no proof that Scott's death was the proximate result of the commission or attempted commission of either a felony or misdemeanor. See Ohio Rev.Code Ann. Sec. 2903.04 (Anderson 1993) (setting out elements of involuntary manslaughter under Ohio law). As pointed out by the Ohio Court of Appeals, the underlying felony in the case, aggravated burglary, was dismissed pursuant to Crim.R. 29(A). State v. Glover, No. 55880, 1990 WL 204352, * 9 (Ohio Ct.App. Dec. 13, 1990), appeal dismissed, jurisdictional motion overruled by, 573 N.E.2d 666 (1991) (No. 91-425). Nor do the inconsistencies in Radford's testimony offer proof that Glover acted with "sudden passion" or in a "fit of rage." See Ohio Rev.Code Ann. Sec. 2903.03 (Anderson 1993) (defining voluntary manslaughter). Rather, as noted by the district court, the inconsistencies, at most, bespeak of Radford's credibility. In short, instructions on the lesser included offenses of voluntary and involuntary manslaughter were not warranted in this case.
 
 D.
 
 11
 Petitioner argues that the absence of an instruction on self-defense deprived him of due process. Even if we assume that a request for such an instruction was properly made in the trial court, and that the issue was properly presented to the district court, we are nonetheless precluded from reviewing this issue because Glover failed to raise it in the state courts. Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir.), cert. denied, 113 S.Ct. 3001 (1993). Further, the issue is now procedurally barred in the state forum, see State v. Cole, 443 N.E.2d 169, 171 (Ohio 1982); State v. Perry, 226 N.E.2d 104, 105 (Ohio 1967); Keener v. Ridenour, 594 F.2d 581, 589-90 (6th Cir.1979), and Glover has failed to establish cause and prejudice for the failure. Wainwright v. Sykes, 433 U.S. 72, 77-91 (1977); Levine, 986 F.2d at 1516.
 
 E.
 
 12
 Glover maintains that he was deprived due process of law when the trial court reduced the aggravated murder charge to murder instead of dismissing the entire charge at the close of the government's case. This contention is without merit. Because murder is a lesser included offense of aggravated murder, State v. Solomon, 421 N.E.2d 139, 142 (Ohio 1981), petitioner was sufficiently apprised of the charges against him to permit him to adequately prepare for his defense. See Olsen v. McFaul, 843 F.2d 918, 930-31 (6th Cir.1988); Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir.1984). There is no constitutional violation.
 
 F.
 
 13
 Petitioner also asserts that he was denied a fair trial by virtue of prosecutorial misconduct. Glover cites three comments: the prosecutor's reference to Glover having moved for a court appointed investigator, the prosecutor's remark regarding the length of defendant's cross-examination, and improper questioning of a detective concerning whether petitioner had ever made any statements about the homicide being in self-defense.
 
 
 14
 We have reviewed the available portions of the trial transcript and conclude that the prosecutor's conduct here was not "so egregious so as to render the entire trial fundamentally unfair." Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1355 (6th Cir.1993) (quoting Cook v. Bordenkircher, 602 F.2d 117, 119 (6th Cir.), cert. denied, 444 U.S. 936 (1979)), cert. denied, 114 S.Ct. 1317 (1994). The comments did not unduly prejudice Glover, were not extensive, and the trial judge responded promptly to petitioner's objections. Finally, there was sufficient proof before the jury to establish Glover's guilt. Id. at 1355-56; Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982) (en banc) (identifying factors to consider in weighing extent of prosecutorial misconduct in habeas cases). See also United States v. Young, 470 U.S. 1, 11-12 (1985); United States v. Payne, 2 F.3d 706, 711-12 (6th Cir.1993).
 
 G.
 
 15
 Lastly, petitioner contends that he was denied his constitutional right to a fair and impartial jury because only two of the twenty-nine jurors who reported for jury duty were black. The Sixth Amendment imposes a fair-cross-section venire requirement. Holland v. Illinois, 493 U.S. 474, 480 (1990); Taylor v. Louisiana, 419 U.S. 522 (1975). This does not mean that a defendant is entitled to a representative jury, but rather an impartial one. Holland, 493 U.S. at 480. In order to establish a prima facie violation of the fair-cross-section requirement, the petitioner must establish that (1) the group alleged to be excluded is a distinctive group in the community; (2) the representation of this group in venires is not reasonable when compared to the number of such persons in the community; and (3) the underrepresentation is due to systematic exclusion of the group in the jury-selection process. Duren v. Missouri, 439 U.S. 357, 367-68 (1979).
 
 
 16
 Blacks are unquestionably a distinctive group; there is also no dispute that blacks were not proportionally represented in Glover's venire. Glover has failed, however, to establish any proof of systematic exclusion of blacks called to jury duty in Cuyahoga County. He has therefore failed make out a prima facie case, and further review is therefore unwarranted. See Ford v. Seabold, 841 F.2d 677, 685 (6th Cir.), cert. denied, 488 U.S. 928 (1988).
 
 III.
 
 17
 For all the foregoing reasons, the judgment of the district court denying Glover's petition for writ of habeas corpus is AFFIRMED.
 
 
 
 [1]
 Ohio Appellate Rule 9(C) provides:
 If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.
 
 
 [2]
 Glover's reliance on United States v. Selva, 559 F.2d 1303 (5th Cir.1977), is misplaced. First of all, in United States v. Gallo, 763 F.2d 1504, 1530-31 (6th Cir.1985), cert. denied, 474 U.S. 1068 (1986), this court specifically rejected Selva 's ruling that a defendant "need only show the absence of a substantial and significant portion of the record" when defendant was represented by different counsel on appeal. Rather, this court held that "[a]bsent a showing by counsel on appeal of a reasonable but unsuccessful effort to determine the substance ... and the nature of a claimed error, reversal is not an appropriate remedy." Id. at 1530. Secondly, Gallo, unlike Bransford, is not directly on point. The Gallo holding arose in the context of the federal Court Reporters Act, 28 U.S.C. Sec. 753, which statutorily mandates that all criminal proceedings shall be recorded; whereas Bransford arose as a constitutional challenge by a state prisoner in a federal habeas action. In other words, Bransford is directly controlling in this case. In any event, the standard of Gallo is essentially the same as that of Bransford
 
 
 [3]
 In order to establish a claim for ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. In other words, counsel's errors must be so serious that they deprived the defendant of a fair trial or appeal. Strickland v. Washington, 466 U.S. 668, 687 (1984)