72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rick D. SAATHOFF, Petitioner-Appellant,
v.
Lou A. HESSE, Warden; Gale A. Norton, Attorney General of
the State of Colorado, Respondents-Appellees.
 No. 95-1130.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1995.
 
 1
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Rick D. Saathoff appeals the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254.
 
 
 4
 On June 4, 1988, petitioner was convicted in state court of first-degree murder and sexual assault, and was sentenced to life imprisonment. One of the key pieces of evidence against him was the testimony of forensic serologist Jeanne Kilmer regarding her analysis of a bloodstain found on petitioner's clothing using a multi-system electrophoresis process. Kilmer testified that the blood group and enzyme types of the bloodstain were consistent with the victim's blood, and would occur in approximately one percent of the population.
 
 
 5
 During the trial, Detective Jerry Stahl of the Aurora Police Department testified about several statements petitioner made during interrogation. The detective testified that when petitioner was confronted with the evidence contradicting his statements, he indicated that he intended to stop the conversation, but that he continued thereafter to give statements. The detective testified that one of these statements was that petitioner would never kill anyone over a conversation, and that "[t]he only time he might kill someone ... was [if] a black man--a black guy approached him or approached me to ask for sexual favors and tried to force himself on me." IV State R. 311-12. Another witness, Elmer Waldschmidt, testified about a conversation he had with petitioner on the evening of the murder in which petitioner offered to exchange a marijuana joint for a beer.
 
 
 6
 During his direct appeal, petitioner requested an extension of time to supplement the record with one volume of testimony given at a suppression hearing that had not been transcribed. The Colorado Court or Appeals, noting that petitioner had requested and received eight extensions of time in which to file his brief, denied his request. It upheld petitioner's conviction.
 
 
 7
 After exhausting his state remedies, petitioner filed for federal habeas relief, alleging, inter alia, that he was denied due process by admission of (1) Kilmer's testimony about her bloodstain analysis using the multi-system electrophoresis process; (2) Detective Stahl's testimony regarding petitioner's statements; and (3) Waldschmidt's testimony regarding the offer to exchange marijuana for beer. Petitioner also asserted he was denied his due process right to a meaningful appeal by the state appellate court's refusal to supplement the record. The district court adopted the magistrate judge's recommendation that the petition be denied because petitioner failed to demonstrate a violation of his constitutional rights. This appeal followed.
 
 
 8
 On appeal, petitioner argues that the district court erred in finding that the admission of the above-described evidence and the appellate court's denial of his motion to supplement the record did not violate due process. When reviewing the district court's denial of a habeas petition, we review the court's factual findings for clear error and its legal conclusions de novo. Hill v. Reynolds, 942 F.2d 1494, 1495 (10th Cir.1991).
 
 
 9
 To prove that the court of appeals denied him a meaningful appeal by denying his motion to supplement the record, petitioner was required to show specific prejudice resulting from the missing transcript. See, e.g., White v. Florida Dep't of Corrections, 939 F.2d 912, 914 (11th Cir.1991), cert. denied, 503 U.S. 910 (1992); Bransford v. Brown, 806 F.2d 83, 86 (6th Cir.1986), cert. denied, 481 U.S. 1056 (1987). Petitioner made no such showing, claiming only that "[h]e was obviously prejudiced because a full record was not available." Appellant's Br. at 13. Therefore, the district court did not err in denying relief.
 
 
 10
 The trial court's evidentiary rulings also do not entitle petitioner to habeas relief. "[I]n federal habeas proceedings, we do not question a state court's evidentiary rulings unless the petitioner can show that, as a whole, the court's rulings rendered his trial fundamentally unfair." Hatch v. Oklahoma, 58 F.3d 1447, 1468 (10th Cir.1995). There was no fundamental unfairness in admitting either Kilmer's testimony regarding the validity of multi-system electrophoresis or the results of her bloodstain analysis. Kilmer's qualifications were adequate to permit her to testify as an expert. The evidence supports the trial court's conclusion that the multi-system process is generally accepted in the scientific community. See, e.g., People v. Morris, 245 Cal.Rptr. 52, 55, 60 (Cal.Ct.App.1988) (holding electrophoretic multi-system testing is generally accepted in scientific community); State v. Washington, 622 P.2d 986, 993 (Kan.1981) (same), modified, State v. Hayes, 720 P.2d 1049 (Kan.1986); Commonwealth v. Gomes, 526 N.E.2d 1270, 1277, 1278 (Mass.1988) (same); Plunkett v. State, 719 P.2d 834, 840 (Okla.Crim.App.) (same), cert. denied, 479 U.S. 1019 (1986); see also Fishback v. State, 851 P.2d 884, 892-93 (Colo.1993) (both underlying theory of DNA typing and techniques of RFLP analysis, including gel electrophoresis, meet Frye test). See generally Frye v. United States, 293 F. 1013, 1014 (D.C.Cir.1923).
 
 
 11
 Next, the detective's testimony that petitioner stated he intended to end the interrogation was not an impermissible comment on petitioner's right to remain silent for the simple reason that petitioner did not exercise that right. "[A] defendant who voluntarily speaks after receiving Miranda warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all." Anderson v. Charles, 447 U.S. 404, 408 (1980). Here, petitioner continued to volunteer statements after stating that he intended to end the conversation. He did not exercise the right to remain silent; therefore no due process violation occurred.
 
 
 12
 Finally, admission of petitioner's statements concerning the circumstances under which he would kill someone and his offer to trade marijuana for beer, if error at all, was harmless. The statements included two sentences out of more than 1,500 pages of testimony. The prosecution never commented on these statements, and, in fact, the defense failed to object to the marijuana statement and later refused a cautionary instruction after the court raised the issue sua sponte. See V State R. 415-16, 422. Based on the strength of the case against petitioner, we hold that admission of these statements did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993) (quotations omitted).
 
 
 13
 AFFIRMED.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470