**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOOKER T. WASHINGTON,

Petitioner-Appellant,

v.

H.N. SCOTT,

Respondent-Appellee,

and

THE ATTORNEY GENERAL OF
THE STATE OF OKLAHOMA,

Respondent.

No. 98-6376
(D.C. No. 97-CV-597-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

case is ordered submitted without oral argument.

Plaintiff Booker T. Washington, a state prisoner appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. As Washington has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability and dismiss the appeal.

Washington was convicted by jury in December 1994 of assault and battery with a dangerous weapon. See Okla. Stat. Ann. tit. 21, § 645 (West 1983). Because he had two or more prior felony convictions, he was sentenced to twenty-eight years' imprisonment. His direct appeal was affirmed by the Oklahoma Court of Criminal Appeals. Washington filed his habeas petition on April 21, 1997.

**Voir dire record**

Washington contends the state trial court deprived him of due process by denying his request for a full voir dire record. To establish a due process violation, Washington must show the lack of a voir dire record specifically prejudiced his appeal. See White v. Florida Dep't of Corrections, 939 F.2d 912, 914 (11th Cir. 1991). Washington alleges no specific prejudice, but claims absence of a full voir dire record prevents proper consideration of his claim. This argument ignores the basic legal premise that it is Washington, as the habeas

petitioner, who bears the burden of proof in a collateral attack on his conviction. See Sanchez v. Mondragon, 858 F.2d 1462, 1464 (10th Cir. 1988).

Washington also argues the state court's ruling on the voir dire record contravened Oklahoma law. Federal habeas relief does not extend to alleged errors of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). We are empowered to grant habeas relief to a state prisoner only if state court error deprived him of fundamental rights guaranteed by the Constitution, laws, or treaties of the United States. Id. at 68. Washington has demonstrated no such deprivation of fundamental rights.

### Admission of photographs

It appears Washington contends the state trial court deprived him of his right to a fair trial by admitting into evidence three photographs of the victim. He argues prosecutors failed to disclose the photographs before trial, in violation of Brady v. Maryland, 373 U.S. 83 (1963).

At an *in camera* hearing on the matter, Washington's counsel acknowledged the prosecutors had disclosed the existence of the photographs well in advance of trial and had offered to make them available to the defense. Washington does not challenge his counsel's concessions and, in any event, the court's factual determinations are presumed to be correct. See 28 U.S.C. § 2254(e)(1). Washington alternatively suggests admission of the photographs

-3-

contravened state discovery rules. As noted, federal habeas relief does not extend to errors of state law. Estelle, 502 U.S. at 67-68.

**Exclusion of witness testimony**

Washington argues the state court erred in excluding a lay witness from testifying as to the cause of the victim's injuries. In a federal habeas proceeding, "we do not question a state court's evidentiary rulings unless the petitioner can show that, as a whole, the court's rulings rendered his trial fundamentally unfair." Hatch v. Oklahoma, 58 F.3d 1447, 1468 (10th Cir. 1995). "It is the materiality of the excluded evidence to the presentation of the defense that determines whether a petitioner has been deprived of a fundamentally fair trial." Maes v. Thomas, 46 F.3d 979, 987 (10th Cir. 1995).

According to the proffer of the testimony, the witness would have testified the victim's injuries were not consistent with a butcher knife. Washington maintains this would have undermined the "dangerous weapon" element of the offense. We disagree. The victim testified Washington stabbed her twice in the right thigh with a kitchen knife, and that the knife had a handle three to four inches in length and a blade six to seven inches in length. The victim's son also testified that he saw Washington stab the victim with this same type of knife. The lay witness testified he had not seen a knife. When defense counsel asked if the witness thought the victim's wounds were caused by a butcher knife, the

prosecution objected and the court sustained the objection, noting the witness was unqualified to answer. We find the court's ruling to be well reasoned and Washington's right to a fair trial was not compromised.

Washington's request for a certificate of appealability is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge